NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued: November 14, 2013
Decided: January 9, 2014

*Before*

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1015

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] United States District Court |
| *Plaintiff-Appellee,* | ] for the Southern District of |
| | ] Indiana, Indianapolis Division |
| | ] |
| v. | ] No. 1 1:10-cr-00046-SEB-MJD-3 |
| | ] |
| | ] |
| FRANCISCO CALDERON-ACEVEDO, | ] |
| *Defendant-Appellant.* | ] **Sarah Evans Barker,** |
| | ] *District Court Judge.* |

**O R D E R**

In 2010, Drug Enforcement Administration ("DEA") agents conducted an investigation into suspected methamphetamine distribution, including setting up a controlled purchase of methamphetamine from Francisco Calderon-Acevedo. That investigation led to the filing of an eight count indictment, naming Calderon-Acevedo in four counts: Count 1—conspiracy to possess with intent to distribute and/or distribute 500 grams or

more of methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846; Counts 6 & 7—possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(viii); and Count 8—possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1). Calderon-Acevedo attempted to plead guilty to Counts 1 and 8 in exchange for an agreed sentence of 180 months pursuant to Federal Rule of Criminal Procedure 11(c), but the district court found that he failed to admit facts sufficient to support a guilty plea as to Count 8—possession of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c). The court then ordered the case to be set for trial, and the government withdrew the plea agreement. Calderon- Acevedo ultimately pled guilty to Count 6 and received a sentence of 240 months imprisonment.

Calderon-Acevedo now appeals the district court's initial rejection of his plea to Count 8, possession of a firearm during and in relation to a drug trafficking crime. Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." *United States v. Muratovic*, 719 F.3d 809, 812 (7th Cir. 2013). A conviction under 18 U.S.C. 924(c) requires that the defendant committed a drug trafficking crime and possessed a firearm in furtherance of that crime. (Count 8 improperly used the "during and in relation to" language instead of the proper "in furtherance of" language, but the error did not impact the issue before us.) Without dispute, sufficient facts were admitted that established that Calderon-Acevedo was involved in a drug trafficking crime. He brought 109 grams of pure methamphetamine to the controlled buy set up by the DEA agents and admitted to prior sales of methamphetamine. He also consented to a search of his residence which yielded 111 grams of methamphetamine that was 99% pure, packaged in one ounce bundles, and $94,000 in currency.

The problem here centered around whether a firearm was possessed in furtherance of that crime. A firearm was found in a search of Calderon-Acevedo's residence, but Calderon-Acevedo repeatedly disavowed that the firearm was possessed in furtherance of that drug trafficking crime. Therefore, the issue before us is whether the district court erred in determining that there was not a sufficient basis in the record to establish that Calderon-Acevedo's possession of the firearm was in furtherance of his drug trafficking. See *United States v. Castillo*, 406 F.3d 806, 814 (7th Cir. 2005) (mere presence of a weapon at the scene of a drug crime without more is insufficient; the facts must illustrate that the firearm was possessed to advance or promote that criminal activity). We review the district court's decision to reject the guilty plea only for abuse of discretion. *United States v. Bahena-Navarro*, 678 F.3d 492, 495 (7th Cir. 2012).

In the plea hearing, Special Agent Schmidt testified that a pistol was recovered in the same storage room as the methamphetamine in the search of Calderon-Acevedo's residence.  The district court judge asked Calderon-Acevedo if he agreed with the testimony of Schmidt, and he responded that he agreed "with a certain part of it." Transcript 7/25/12 at 6.  He elaborated that the weapon did not belong to him, and that "there was no way that it was going to be used to protect any drug operation because it was hidden underneath three boxes of tools wrapped in plastic and newspaper." *Id.* at 9.  Defense counsel then opined that it was sufficient that Calderon-Acevedo was storing the firearm for his drug supplier, a coconspirator in a drug conspiracy.  The court  further explored the matter, asking Calderon-Acevedo "do you admit that you possessed that firearm in relation to the drug trafficking crime of possessing or partici-pating in the conspiracy to possess the methamphetamine?"  *Id.* at 9-10.  The defendant stated "I do admit that." *Id.* at 10.  That is as close as the defendant got to establishing a basis for the plea, and the focal point for Calderon-Acevedo's argument.  The court did not stop there, though. As that bare assertion was at odds with Calderon-Acevedo's earlier statements, the court proceeded to ask him why then he stated that the firearm could not have been used in connection with a drug trafficking crime because it was hidden. His response was that he was merely storing it for two days for a person who had asked him to store it.  *Id.* at 12.  His attorney argued that it was sufficient that the person for whom he was storing it was another drug dealer, but Calderon-Acevedo never testified as to those circumstances and provided no basis for the court to conclude that the storage of the weapon facilitated that relationship and therefore advanced the drug distribution activity.  The district court ultimately rejected the plea because there was no indication that he was storing it to facilitate his drug trafficking activities or that the weapon was otherwise used to further that activity.

On appeal, Calderon-Acevedo points to his affirmative response to the question as to whether he "possessed the firearm in relation to the drug trafficking crime of possessing or participating in the conspiracy to possess the methamphetamine." That response was an acknowledgment of the criminal charge to which he was pleading guilty, but what was lacking was the factual basis for the plea.  Not only did he fail to provide that factual basis, he explicitly disavowed it.  The criminal offense required a nexus between the firearm and the drug trafficking, and the defendant repeatedly emphasized that the firearm could not have been used in connection with the drug trafficking because of its location and how it was packaged, that he was just storing it for a couple of days for another person, and that he did not know the reason why that person had a firearm.  With those statements, the defendant made clear that there was no factual basis for the guilty plea, and the district court properly refused to accept the plea.

**AFFIRMED**.